CV 12-4384

FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2012 AUG 31  PH 4: 20

------------------------------------------------------------------

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

TAWANA STANLEY,

**COMPLAINT**

Plaintiff,

Docket No.

-against-

Jury Trial Demanded

CITY OF NEW YORK, VINCENT ORSINI, Individually,
CORNELIUS BUCKLEY, Individually, DAVID COURTIEN,
Individually, and JOHN and JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the true names are
presently unknown),

GERSHON, J

Defendants,

GO, M.J.

------------------------------------------------------------------X

Plaintiff TAWANA STANLEY, by her attorneys, Leventhal & Klein, LLP, complaining

of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.    Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of her civil rights, as

said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff TAWANA STANLEY is a twenty-two year old African American

woman who resides in Staten Island, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police

Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police

department, authorized to perform all functions of a police department as per the applicable

sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants

VINCENT ORSINI, CORNELIUS BUCKLEY, DAVID COURTIEN, and JOHN and JANE

DOE 1 through 10, were duly sworn police officers of said department and were acting under the

supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

2

## FACTS

12.     On September 4, 2009, at approximately 6:00 a.m., the defendant NYPD police officers broke the front door of 151 Jersey Street, apartment 3C, Staten Island, New York, and entered said location with guns drawn.

13.     The police officers approached plaintiff, who was in one of the four bedrooms located therein.

14.     The officers pointed guns at plaintiff, grabbed her, and placed handcuffs on her wrists.

15.     The officers brought plaintiff to the living room, where they removed her handcuffs and subjected her to a humiliating and unlawful strip search. A defendant officer compelled plaintiff to pull her pants and underwear down to her ankles, and then squat and cough.

16.     The officers then re-handcuffed plaintiff and held her inside the house for approximately fifteen minutes, before removing her from the house, and imprisoning her inside a police vehicle.

17.     The defendant officers imprisoned plaintiff despite the fact that plaintiff was not found to be in possession of any contraband nor present where any contraband was found.

18.     The defendants transported plaintiff to the 120th Police Precinct stationhouse and imprisoned plaintiff therein until September 5, 2009, when she was transported to Richmond County Criminal Court and arraigned on baseless charges filed under docket number 2009RI008468; said charges having been filed based on the false allegations of the defendant officers. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective

3

outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

19.     The malicious prosecution compelled plaintiff to return to Richmond County Criminal Court on three occasions until December 10, 2010 when all purported charges levied against plaintiff based on the false allegations of the defendants were dismissed and sealed.

20.     The defendant NYPD officers VINCENT ORSINI, CORNELIUS BUCKLEY, DAVID COURTIEN, and JOHN and JANE DOE 1 through 10 either participated in and/or failed to intervene in the illegal conduct described herein.

21.     Defendants CORNELIUS BUCKLEY and DAVID COURTIEN supervised defendants VINCENT ORSINI and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiff.

22.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees; the inadequate investigations of NYPD officers; and due to discrimination against plaintiff due to her race.

23.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding pre-warrant investigations; the execution of search warrants; the investigations of criminal activity; and, the treatment of innocent and/or uninvolved individuals present at the location of the execution of a search warrant.

24.     Defendant CITY OF NEW YORK is further aware that such improper training

4

has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

25.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

26.    As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of her constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

27.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

29.    All of the aforementioned acts deprived plaintiff TAWANA STANLEY, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

30.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority

5

attendant thereto, and with the intent to discriminate on the basis of race.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

32.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33.     As a result of the foregoing, plaintiff TAWANA STANLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

34.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.     Defendants arrested plaintiff TAWANA STANLEY without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

36.     Defendants caused plaintiff TAWANA STANLEY to be falsely arrested and unlawfully imprisoned.

37.     As a result of the foregoing, plaintiff TAWANA STANLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

6

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unlawful Strip Search under 42 U.S.C. §1983)

38.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.    Defendants strip searched plaintiff TAWANA STANLEY in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time she was searched.

40.    Defendants thereby caused plaintiff TAWANA STANLEY to be deprived of her right to be free from unlawful strip searches.

41.    As a result of the foregoing, plaintiff TAWANA STANLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

42.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.    Defendants issued criminal process against plaintiff TAWANA STANLEY by causing her arrest and prosecution in Richmond County Criminal Court.

44.    Defendants caused plaintiff TAWANA STANLEY to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiff's right to be free from malicious

7

abuse of process.

45.     As a result of the foregoing, plaintiff TAWANA STANLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

46.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff TAWANA STANLEY.

48.     Defendants caused plaintiff TAWANA STANLEY to be prosecuted without any probable cause until the charges were dismissed on or about December 10, 2010.

49.     As a result of the foregoing, plaintiff TAWANA STANLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

50.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

8

52.     As a result of the foregoing, plaintiff TAWANA STANLEY was deprived of her liberty and right to substantive due process, causing emotional and physical discomfort.

53.     As a result of the foregoing, plaintiff TAWANA STANLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     The defendants falsely arrested, maliciously prosecuted, and illegally strip searched plaintiff TAWANA STANLEY because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

56.     As a result of the foregoing, plaintiff TAWANA STANLEY was deprived of her rights under the Equal Protection Clause of the United States Constitution.

57.     As a result of the foregoing, plaintiff TAWANA STANLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

58.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

9

59.    Defendants had an affirmative duty to intervene on behalf of plaintiff TAWANA STANLEY, whose constitutional rights were being violated in their presence by other officers.

60.    The defendants failed to intervene to prevent the unlawful conduct described herein.

61.    As a result of the foregoing, plaintiff TAWANA STANLEY'S liberty was restricted for an extended period of time, she was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints.

62.    As a result of the foregoing, plaintiff TAWANA STANLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

63.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62"with the same force and effect as if fully set forth herein.

64.    The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

65.    As a result of the foregoing, plaintiff TAWANA STANLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

10

## AS AND FOR A TENTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

66.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

68.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting individuals for mere presence at the location of the execution of a search warrant; and, arresting citizens without probable cause and then committing perjury and/or manufacturing evidence in an effort to convict such individuals.

69.     In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of illegally strip searching citizens in the absence of reasonable individualized suspicion that the citizen was in possession of weapons or contraband at the time of the search.

70.     In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff TAWANA STANLEY'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

71.     The foregoing customs, policies, usages, practices, procedures and rules of the

11

CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff TAWANA STANLEY.

72.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff TAWANA STANLEY as alleged herein.

73.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff TAWANA STANLEY as alleged herein.

74.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff TAWANA STANLEY was unlawfully arrested, illegally searched and maliciously prosecuted.

75.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff TAWANA STANLEY'S constitutional rights.

76.    All of the foregoing acts by defendants deprived plaintiff TAWANA STANLEY of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from false arrest/unlawful imprisonment;

        C.     To be free from unlawful strip searches;

        D.     To be free from the failure to intervene;

        E.     To be free from malicious prosecution;

     F.     To be free from malicious abuse of process;

     G.     To receive equal protection under law.

77.     As a result of the foregoing, plaintiff TAWANA STANLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff TAWANA STANLEY demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
      August 29, 2012

                        LEVENTHAL & KLEIN, LLP
                        Attorneys for Plaintiff TAWANA STANLEY
                        45 Main Street, Suite 230
                        Brooklyn, New York 11201
                        (718) 722-4100

                By:                               
                        BRETT H. KLEIN (BK4744)

13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

TAWANA STANLEY,

                               Plaintiff,

              -against-

CITY OF NEW YORK, VINCENT ORSINI, Individually,
CORNELIUS BUCKLEY, Individually, DAVID COURTIEN,
Individually, and JOHN and JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the true names are
presently unknown),

                               Defendants,

-------------------------------------------------------------------------------X

Docket No.


**COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100